UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA MARIA JINESTA,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | No. EDCV 12-451 FFM<br><br>MEMORANDUM DECISION AND ORDER |

      Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her application for Social Security Disability Insurance and Supplemental Security Income benefits. Plaintiff and defendant consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the Case Management Order entered on April 16, 2012, on December 10, 2012, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the administrative record, filed by defendant on October 9, 2012, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is affirmed.

/ / /

/ / /

/ / /

**CONTENTIONS**

Plaintiff raises three contention in this action:

1. Whether the ALJ failed to properly consider the treating doctor's opinion;
2. Whether the ALJ properly considered the residual functional capacity ("RFC") of plaintiff; and
3. Whether the ALJ properly considered plaintiff's nonexertional limitations in determining whether there are jobs that exist in significant numbers in the national economy that plaintiff can perform.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

/ / /
/ / /

**DISCUSSION**

1. <u>Whether the ALJ failed to properly consider the treating doctor's opinion</u>.

Plaintiff contends that the ALJ improperly rejected the limitations found by plaintiff's treating physician, Dr. Jessie Jacques, in a form entitled "Medical Opinion re: Ability to Do Work-Related Activities."  (AR 483-85.)

In evaluating physicians' opinions, the case law and regulations distinguish among three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither treat nor examine the claimant (non-examining physicians).  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *limited on other grounds*, *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1502, 404.1527(d).  As a general rule, more weight should be given to the opinion of a treating source than to the opinions of physicians who do not treat the claimant.  *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987); *see also* 20 C.F.R. § 404.1527(d)(2).

The Ninth Circuit has held that an ALJ may reject a treating physician's contradicted opinion only with "specific and legitimate" reasons, supported by substantial evidence in the record.  *Lester*, 81 F.3d at 830; *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001).  "The ALJ could meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted).

Here, the limitations opined by Dr. Jacques were contradicted by the report of Dr. Moazzaz, the consultative medical examiner, and the state agency physicians.  Therefore, the ALJ was required to state specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Jacques's opinion.  The ALJ provided the following reasons for rejecting Dr. Jacques's opinion: (1) the treatment records and plaintiff's admitted activities do not support three absences from work each month; (2)

the limitations to standing and walking less than two hours in an eight-hour day and sitting no more than two hours are not supported anywhere in the medical record or by any other medical source opinion; (3) plaintiff was being treated with routine conservative prescription medication; (4) plaintiff's blood pressure was being controlled; and (5) plaintiff's admitted daily activities were inconsistent with the extreme limitations opined by Dr. Jacques.

The Court finds these reasons to be specific and legitimate.

Although plaintiff contends that the ALJ should have contacted Dr. Jacques to further develop the record, the Court finds that remand is not required. The ALJ has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered, even when the claimant is represented. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (citing *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan*, 242 F.3d at 1150).

Here, there was no ambiguity in the record, Dr. Jacques's treatment notes, the record as a whole, and the objective evidence simply did not support Dr. Jacques's opinion regarding plaintiff's limitations.

Moreover, even if a duty to develop the record otherwise arose, "[t]he ALJ may discharge [such duty] in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150; *see also Smolen v. Chater*, 80 F.3d at 1288. Alternatively, the ALJ may request that the claimant undergo a consultative

/ / /

/ / /

4

1 examination.  20 C.F.R. §§ 404.1512(e), 416.912(e).  Here, plaintiff underwent a
2 consultative examination.  That examination supported the ALJ's rejection of Dr.
3 Jacques's limitations.

4     Therefore, remand is not required with respect to this issue.

5 2.    <u>Plaintiff's RFC and non-exertional limitations</u>.

6     The remaining two contentions both are dependent on the adoption of Dr.
7 Jacques's limitations.  Because the Court finds no error in the ALJ's rejection of those
8 limitations, remand also is not required with respect to Issues Two and Three.

## CONCLUSION

For the foregoing reasons, the judgement of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: December 27, 2012

       /S/ FREDERICK F. MUMM
       FREDERICK F. MUMM
       United States Magistrate Judge